1   ERIC C. BELLAFRONTO, Bar No. 162102
    MICHELLE B. HEVERLY, Bar No. 178660
2   MICHELE M. BABB, Bar No. 248833
    NICOLAS T. KELSEY, Bar No. 246060
3   LITTLER MENDELSON
    A Professional Corporation
4   50 W. San Fernando, 15th Floor
    San Jose, CA  95113.2303
5   Telephone:    408.998.4150
    Facsimile:    408.288.5686
6   mheverely@littler.com
    mbabb@littler.com
7   nkelsey@littler.com

8
    Attorneys for Defendants
9   RITE AID CORPORATION, RITE AID HDQTRS,
    CORP., AND JOSEPHINE LOPEZ
10

11                          UNITED STATES DISTRICT COURT

12                         NORTHERN DISTRICT OF CALIFORNIA

13
    ANTHA THOLMER, individually and on          Case No. C11-02232 EJD
14  behalf of others similarly situated;
                                                 **DECLARATION OF ERIC C.**
15                 Plaintiff,                    **BELLAFRONTO IN SUPPORT OF**
                                                 **DEFENDANTS' FILING OF SEPARATE**
16            v.                                 **CASE MANAGEMENT CONFERENCE**
                                                 **STATEMENT**
17  RITE AID CORPORATION, a
    corporation, RITE AID HDQTRS, CORP.,
18  a corporation, JOSEPHINE LOPEZ, an
    individual, and DOES 1 through 25,           Date:  March 2, 2012
19  inclusive,                                   Time:  1:00 p.m.
                                                 Judge:  Edward J. Davila
20                 Defendants.                   Crtrm:  1

21

22

23          I, ERIC C. BELLAFRONTO, hereby declare and state as follows:

24          1.     I am an attorney at law duly admitted to practice before the courts of the State

25  of California.  I am a shareholder in the law firm of Littler Mendelson, A Professional Corporation,

26  and counsel of record for Defendants, Rite Aid Corporation, Rite Aid HDQTRS, Corp., and

27  Josephine Lopez (jointly referred to as "Defendants").  I make this declaration of my own personal

28  knowledge, except as to those matters stated on information and belief, and as to those matters, I

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

DEC OF ERIC C. BELLAFRONTO                                         CASE NO.  C11-02232 EJD

1  believe them to be true.  If called as a witness, I could and would testify competently to the facts

2  stated in this declaration.

3          2.     Unfortunately, Defendants are submitting a separate Case Management

4  Conference ("CMC") Statement because Plaintiff refused to include nearly all of the additions

5  requested by Defendants for the proposed Joint Statement, including among other things: (1)

6  Defendants' statement in the Motion section that the parties would move for certification or non-

7  certification; (2) Defendants' request for 14 hours of Plaintiff's deposition instead of seven hours;

8  (3) Defendants' request for the bifurcation of discovery to allow class discovery first followed by

9  discovery regarding the merits of the case; and (4) Defendants' statement that it did not believe that

10  a class action was appropriate because of the individual nature of the allegations.  Plaintiff stated that

11  Defendants' proposed additions to the CMC were "argumentative" and later argued that they

12  somehow were "misrepresentations," "false" or "unreasonable."   I asked Plaintiff's counsel,

13  Ms. Keegan, to identify in my proposed additions what was a misrepresentation, unreasonable or

14  irrelevant.  She would not do so.  Ms. Keegan basically told me it was "her way or the highway,"

15  refusing to identify the alleged deficiencies in Defendants' additions, unilaterally excluding the

16  information from the Statement, re-writing other portions, and then filing her own individual

17  statement instead of working to complete a Joint Statement.

18          3.     The events are described in more detail below with reference to all or the

19  relevant communications between counsel, which are attached for the Court's review.  Plaintiff's

20  Declaration of Ms. Keegan did not attach any of the communications.

21          4.     On February 22, 2012, I received an email from Ms. Keegan regarding a Joint

22  CMC Statement, but I could not open the attachment.  A true and accurate copy of the February 22

23  email I received from Ms. Keegan is attached hereto as Exhibit A.

24          5.     On February 23, I informed Ms. Keegan that I could not open the electronic

25  file attached to her email.  A true and accurate copy of the February 23 email I received from Ms.

26  Keegan is attached hereto as Exhibit B.[1]

---

[1] This email will be discussed further below because it also asked Plaintiff about her review of the stipulation to continue the CMC and related dates pending the ruling on Plaintiff's Motion to Remand.  This was my fourth email communication to Plaintiff regarding the stipulation, but, like the prior three attempts, Plaintiff did not respond.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 3303
408 998 4150

DEC OF ERIC C. BELLAFRONTO            2.             CASE NO. C11-02232 EJD

6.      On February 23, 2012, Ms. Keegan provided a PDF copy of her proposed Joint CMC Statement.  Because of the PDF format, I was not able to add my proposed changes directly to the draft document.  A true and accurate copy of Ms. Keegan's February 23 email is attached hereto as Exhibit C.

7.      As such, on February 24, I prepared a lengthy email setting forth the additions that Defendants wanted included in the Joint CMC Statement.  All of my proposed additions were accurate, reasonable and the type of information regularly included in Joint CMC Statements.  A true and accurate copy of the email setting forth the information that I requested be added to the statement is attached hereto as Exhibit D.  Ms. Keegan responded, "I will work on it and send it back for you to file."  A true and correct copy is attached hereto as Exhibit E.  I responded to Ms. Keegan that I could file it, but I needed to have it by 5 p.m. due to staffing issues in my office, writing:  "I will need it by 4:30 in order to do the filing.  I won't have anyone who can efile after 5."  A true and correct copy is attached hereto as Exhibit F.  Thus, my proposed deadline was not an arbitrarily "self-imposed deadline" as Ms. Keegan's declaration suggests, but rather was due to staffing issues.  Indeed, Ms. Keegan responded that 4:00 p.m. had been her deadline and her staff was gone already.  A true and accurate copy of her email is attached hereto as Exhibit G.

10.     Ms. Keegan sent me an email with the proposed Joint CMC Statement.  A copy of the email and the proposed Joint CMC Statement is attached hereto as Exhibit H.  Instead of including the information, Ms. Keegan stated that she "incorporated the substance of your edits, leaving out argument which is inappropriate in a joint statement."

11.     Ms. Keegan's proposed Joint CMC Statement did not track or red-line the changes she made to the Statement.  Thus, I was required to review the Statement line by line against the email that I previously sent to Ms. Keegan with my proposed additions.  It had not occurred to me that Ms. Keegan would edit my proposed additions to reduce them to what she believed to be their "substance".  While Ms. Keegan seemed to want me to simply accept her edits, I felt that, as the attorney signing the Joint CMC Statement, I was ethically obligated to review it before it was filed.  In doing so, it became clear that Ms. Keegan did not edit my proposals down to their "substance," but unilaterally changed some and decided to exclude some entirely.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113 2303
408 998 4150

DEC OF ERIC C. BELLAFRONTO                    3.                    CASE NO.  C11-02232 EJD

12.     I immediately notified Ms. Keegan of problems in her Seventh and Eighth paragraphs.  Attached hereto as Exhibit I is a true and accurate copy of my email to Ms. Keegan identifying problems with paragraphs Seven and Eight.  Ms. Keegan responded, "I already added to paragraph 7 what your contention is.  As for paragraph 8, I will add your sentence if we can get it done and filed today."  A true and accurate copy of this email from Ms. Keegan is attached as Exhibit J.  I felt that Ms. Keegan's response setting conditions to inclusion of my proposed additions was improper and not in the spirit of preparing a ***Joint*** Statement.  I sent an additional email explaining that I had sent an email with changes and that "I have sent one set of changes and will continue to attempt to locate other changes you made to my insertions."  Attached hereto as Exhibit K is a true and correct copy of my email to Ms. Keegan.  Ms. Keegan responded, again repeating she "didn't make any substantive changes, Eric."  A true and accurate copy of this email from Ms. Keegan is attached as Exhibit L.

16.     Indeed, as I completed my review of the proposed Statement, it became clear that Ms. Keegan excluded almost all of the information or requests that I asked to be included in the Joint CMC Statement (Exhibit D).  Specifically, the proposed Statement excluded the following requests by Defendants:

4. Motions
Prior to "Defendant anticipates," please add:
It is anticipated that the parties will move for certification and/or non-certification.

7. Initial Disclosures
Please insert in the first paragraph, "Plaintiff asserts"
Defendants believe that initial disclosures and compliance with other Federal rules should be held in abeyance until after the Court rules upon Plaintiff's motion to remand.  The parties should be spared the time and expense of preparing initial disclosures when there is a possibility that the case will be remanded to state court.  Further, Plaintiff should not be able to take advantage of the Federal rules while she is arguing not only that the case should be remanded because it was not properly removed to Federal Court, but also that if it is not remanded, Plaintiff will move to amend her complaint to remove Federal claims.  Given Plaintiff's position on remand and intent to dismiss her Federal claims, any application of Federal Rule 26 or other Federal rules should await resolution of the jurisdictional issues.  In addition, Plaintiff agreed verbally to a stipulation to continue the CMC and delay initial disclosures until after the ruling on the motion to remand.  Defendants prepared a stipulation and submitted it to Plaintiff for review, but Plaintiff has not responded to at least four

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

DEC OF ERIC C. BELLAFRONTO                    4.                    CASE NO.  C11-02232 EJD

requests for information regarding the agreed upon stipulation, including a request for a simple response as to whether she no longer agreed with the verbal stipulation.

8. Discovery

Please change the first paragraph to be Plaintiff's position, not the "parties."

Please add the following:

As noted above, Defendants assert that Plaintiff should not be allowed to avail herself of Federal court procedures, including initial disclosures and discovery, while at the same time denying federal jurisdiction and also has indicated an intent to seek leave to amend to remove all Federal claims. Defendants request that the Court bifurcate discovery into two phases: (1) class certification discovery; and (2) merits or post-certification discovery. Defendants believe class certification discovery should be completed by September 30, 2012. Also, Defendants requests an additional 7 hours for the deposition of Plaintiff (for a total of up to 14 hours over two non-consecutive days). No other variations from the FRCP are contemplated at this time.

9. Class Actions:

Please add the following:

Defendant asserts that Plaintiff's alleged claims cannot be brought as a class action. Among other reasons, Defendant maintains this case cannot satisfy Rule 23 due to the divergent and individualized issues that predominate over any potentially common issues. Indeed, because the duties and experiences of each putative class member are unique and distinct, the Court will be required to conduct an individualized inquiry to determine whether potential each class member was properly classified. Accordingly, Defendants contends that Plaintiff cannot demonstrate that this case satisfies the requirements of Federal Rule of Civil Procedure 23.

14. Other References

Please add:

No other references are required.

17. Scheduling

Please add:

Defendant requests an order bifurcating class certification discovery from merits discovery. Defendants request that further discovery deadlines and/or limits be addressed in another Case Management Conference to be set after the Court's ruling on class certification.

18. Trial

Defendants request that the Court schedule a Case Management Conference after ruling on the motion for class certification and that all trial and pre-trial dates be set at that time.

20. Other

Please add:

The parties are not aware of any other issues relevant to case management.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

DEC OF ERIC C. BELLAFRONTO          5.          CASE NO.  C11-02232 EJD

17.     In addition to entirely excluding almost all of Defendants' additions, Ms. Keegan's effort to reduce Defendants' proposed additions to their "substance" fundamentally changed and misstated Defendants' position.    For example, Plaintiff's language about what Defendants claimed in Paragraph 7 is not something Defendants ever stated or claimed.   Plaintiff incorrectly wrote:

> Defendants claim they should not have to comply with federal rules and make initial disclosures and sought a second continuance of such compliance.

See Exhibit H, proposed Joint CMC Statement.   Defendants never claimed that they should not have to comply with the Federal Rules and never sought a second continuance from the Court.   Instead, Defendants asked Plaintiff to include a request to the Court that initial disclosures be continued until after a ruling on the Motion to Remand, which motion obviously would impact Federal Court jurisdiction and application of the Federal Rules to the present action.   My proposed addition was a request to the Court to include in its CMC Order a continuance of Rule 26 obligations not a contention that Defendants somehow do not have to comply with the Federal Rules, as Ms. Keegan wrote.   Compare Exhibit D and Exhibit H.

18.     I wrote to Ms. Keegan proposing we file a truly _**Joint**_ Statement on Monday after Defendants' information could be added.   I wrote, "I believe we should wait until Monday to comply with the Judge's order to submit a joint statement.   If you cannot do so and refuse to include our proposed additions, please let me know immediately so that we can prepare a separate CMC statement and explain to the Court that Plaintiff is unwilling to allow Defendants' to include relevant information in a Joint CMC statement and thus we are forced to file a separate statement."   True and accurate copies of the two emails proposing we delay filing so Defendants' additions could be made are attached hereto as Exhibit M.

19.     Ms. Keegan responded by arguing for the first time that Defendants' proposed additions were "misrepresentations," "false," "unreasonable" and "irrelevant" and she would not include them.   A true and accurate copy of Ms. Keegan's email is attached as Exhibit N.

20.     I took seriously Ms. Keegan's allegation that I was suggesting including any misrepresentations, falsehoods, or unreasonable information in the proposed CMC Statement.   I

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

DEC OF ERIC C. BELLAFRONTO                6.                CASE NO.  C11-02232 EJD

1    immediately responded to Ms. Keegan asking her to explain what she felt was a false,

2    misrepresentative, or unreasonable. A true and correct copy of my email to Ms. Keegan is attached

3    hereto as Exhibit O.

4        21.    Ms. Keegan responded to my email ignoring nearly all of Defendants'

5    proposed additions that she refused to include. She addressed two issues. First, she stated "how can

6    we agree to bifurcate class and merits discovery when the court has not ruled on the class issue?"

7    The simple fact is that I felt this was an important issue to bring to the Court's attention in the CMC.

8    It is patently not false or unreasonable to bring this issue to the Court's attention so that it could be

9    addressed if the Court's CMC order included a discovery schedule. I did not attribute it to Plaintiff

10   or suggest we agreed to it. This was a decision for the Court, not for Ms. Keegan to unilaterally

11   reject. Second, Ms. Keegan said that my representations regarding our stipulation to continue the

12   CMC pending the Court's ruling was false. She did not state how it was false. As discussed below,

13   it was entirely accurate and, equally important, I certainly was not attributing this to Plaintiff and

14   would welcome her to include Plaintiff's position. Ms. Keegan had no explanation for excluding

15   any other of the information that she unilaterally omitted from the CMC Statement.

16       22.    To date, Ms. Keegan has no explanation for her refusal to include Defendants'

17   additional information other than set out in Exhibit M, which is silent on nearly all of the

18   information that Ms. Keegan unilaterally excluded.

19       23.    With regard to Ms. Keegan's contention that my explanation of our stipulation

20   to continue the CMC and related deadlines is somehow false, Ms. Keegan is incorrect.

21       24.    On Monday, February 20, 2012, Ms. Keegan and I spoke by phone to meet

22   and confer as required by the Local Rules. We discussed the joint CMC statement, initial

23   disclosures and mediation, as required. I proposed that we enter another stipulation to continue the

24   CMC and related dates to a date after the Court ruled on Plaintiff's Motion to Remand. I stated that

25   it would make more sense to wait until the Court's ruling before we began spending time and money

26   complying with the Federal Rules and Local Rules, which would not apply at all if Plaintiff's

27   Motion to Remand was successful. Ms. Keegan agreed and I told her that I would prepare a

28   stipulation for her review so that we could file it the next morning. That was the soonest it could be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

DEC OF ERIC C. BELLAFRONTO                    7.                    CASE NO.   C11-02232 EJD

filed because February 20th was a Court Holiday.

25.     On February 21, 2012, as promised, I prepared and emailed Ms. Keegan a copy of the proposed stipulation. I wrote Ms. Keegan, "Hi Dru:  It was nice talking with you yesterday.  Please find a proposed stip attached.  Let me know if you have any changes.  If not, I'll get it filed ASAP.  Thanks. Eric".  A true and correct copy of the email to Ms. Keegan is attached hereto as Exhibit P.  I received no response from Ms. Keegan.

26.     I wrote Ms. Keegan again on February 21, 22, and 23, 2012, because we had agreed that the stipulation should be filed a far in advance of the February 24, 2012 filings as possible.  True and correct copies of the February 21 and 22 emails are attached hereto as Exhibit Q.

27.     On February 23, 2012, I wrote to Ms. Keegan and again asked about the stipulation requesting the simple courtesy of a response.  I wrote, "I take it you do not want to enter a stipulation to continue the CMC until after the ruling on the motion to remand?  ***That's fine, but please respond one way or the other.***"  See Exhibit B (emphasis added).

28.     Again, Ms. Keegan did not respond to my request for information regarding the stipulation even just to let me know that she no longer agreed to the stipulation.  Ms. Keegan did not respond to any of these emails, and at no time did Ms. Keegan indicate that she had changed her mind regarding the proposed stipulation.

29.     At no time did Ms. Keegan tell me she no longer agreed to the stipulation.

30.     I have never had an attorney refuse to include information in a Joint CMC Statement.  I believe that all of the information that I requested to be included is proper and, in most regards, typical.  I apologize to the Court for the necessity of filing a separate motion, but felt that the information was necessary for the Court to have in order to prepare a CMC Order.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408.998.4150

DEC OF ERIC C. BELLAFRONTO                          8.                          CASE NO.  C11-02232 EJD

1    I declare under penalty of perjury under the laws of the United States of America that

2  the foregoing is true and correct to the best of my knowledge.

3

4  Dated:    February 27, 2012

5

6                                                ERIC C. BELLAFRONTO

7

8

9

10  Firmwide:109538852.1 053348.1075

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W  San Fernando  15th Floor
San Jose  CA  95113 2303
408 998 4150

DEC OF ERIC C. BELLAFRONTO                    9.                    CASE NO.  C11-02232 EJD