United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTHA THOLMER,<br><br>    Plaintiff,<br><br>  v.<br><br>RITE AID CORPORATION, ET AL.,<br><br>    Defendants. | Case No.: 5:11-CV-2232 EJD<br><br>**ORDER DENYING AMENDED MOTION TO REMAND AND DENYING MOTION FOR ATTORNEYS FEES AND COSTS**<br><br>**(Re: Docket No. 18)** |

Pending before the court is Plaintiff Antha Tholmer's ("Tholmer") motion to remand. For the reasons discussed below, the motion is DENIED.

**I. BACKGROUND**

On March 15, 2011, Tholmer filed her complaint against Defendant Rite Aid Corporation, Defendant Rite Aid Headquarters Corporation (collectively, "Rite Aid"), and Defendant Josephine Lopez ("Lopez") in Superior Court of the State of California, County of Monterey alleging (1) gender discrimination in violation of public policy, (2) discrimination in violation of Cal. Gov. Code § 12900, (3) violation of California Equal Pay Act, Cal. Labor Code § 1197.5 ("CEPA"), (4) unfair business practices in violation of Bus. & Prof. Code § 17200 ("UCL"), (5) unfair competition in violation of the UCL, (6) failure to prevent discrimination and harassment, (7) retaliation in violation of California's Fair Employment and Housing Act ("FEHA"), (8) retaliation in violation of public policy, (9) wrongful termination in violation of public policy, (10) failure to investigate pursuant to Govt. Code § 12940(K), (11) breach of contract, (12) breach of implied

covenant not to terminate except with good cause, and (13) intentional infliction of emotional distress.

On May 6, 2011, Defendants removed the case to this court based on the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), ("CAFA"). Defendants also removed based on diversity jurisdiction arguing that Lopez was fraudulently joined. On June 6, 2011, Tholmer attempted to file her motion to remand under seal. Although the motion to remand was captioned as if it were a motion for leave to file under seal, Tholmer did not file a motion to seal or serve a motion to seal on Defendants. On June 21, 2011, the court denied Tholmer's motion to seal. See ECF No. 17. On June 22, 2011, Tholmer filed an Amended Motion To Remand and Motion for Attorney Fees and Costs. See ECF No. 18. Oral argument was scheduled to take place on January 6, 2012. On January 4, 2012, the court took the motion under submission without oral argument pursuant to Civil L.R. 7-1(b).

## II. LEGAL STANDARDS

A defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); see also Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). The removal statute is strictly construed against removal. Id. The matter therefore should be remanded if there is any doubt as to the existence of federal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

CAFA expands the diversity-based jurisdiction of federal courts to putative class actions wherein at least one defendant is diverse from at least one plaintiff, the putative class has more than 100 members, and the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d). "[U]nder § 1332(d)(6), the claims of class members are aggregated to determine whether the amount in controversy exceeds $5,000,000." Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 684 (9th Cir. 2006). When it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pleaded, the removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $5,000,000. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007).

2
Case No.: 5:11-CV-2232 EJD
ORDER DENYING MOTION TO REMAND

## III. DISCUSSION

Tholmer argues the case was improperly removed under CAFA because she has not pleaded a class action and the amount in controversy does not exceed $5,000,000.[1]

### A. Tholmer Alleges a Class Action

CAFA applies to "class actions," which the statute specifically defines as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). In alleging the third cause of action for violation of CEPA, the Complaint refers to the "the present class action" (Compl. ¶ 50; see id. ¶¶ 48, 50 referring to the "class action") and pleads on behalf of the "Plaintiff Class" (id. ¶¶ 47, 49, 51), "person in the Class" (id. ¶ 48), "the Class" (id. ¶ 49), "Class members" (id. ¶¶ 49, 51), and "Plaintiffs individually, and as a Class" (id. ¶ 53). Additionally, the Complaint pleads the requirements for maintaining a class action under Fed. R. Civ. P. 23 that there be numerosity (id. ¶ 48), there are common questions of law and fact (id. ¶ 49), Tholmer's claims are typical of the class (id.), and Tholmer will adequately protect the interests of the class (id.).

Tholmer argues she has pleaded a nonclass representative action under the Private Attorneys General Act of 2004, Cal. Labor Code § 2698, ("PAGA"), which is not subject to removal under CAFA. See Sample v. Big Lots Stores, Inc., C 10-03276, 2010 WL 4939992, at *4 (Nov. 30, 2010). A PAGA representative claim that is not brought on behalf of a class and seeks only civil penalties is a law enforcement action that is distinct from a class action. Although Tholmer mentions PAGA in the first paragraph of her Complaint (Compl. ¶ 1), that instance is the only time PAGA is referenced, and Tholmer does not mention PAGA at all in the third cause of action. In contrast, Tholmer mentions the class sixteen times. Thus, the third cause of action for violation of CEPA clearly states a putative class action claim and not a PAGA representative action.

---

[1] It is undisputed that the parties have the minimal diversity required by CAFA. Tholmer is a citizen of California. Compl. ¶ 5. Rite Aid is a citizen of Pennsylvania and Delaware, and is not a citizen of California. See Notice of Removal ¶ 25.

## B. The Amount in Controversy Exceeds $5 Million

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002.) Where the amount in controversy is in dispute, a reviewing court may consider facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Here, the Complaint does not state the total amount in controversy. In this situation, Defendants must show by a preponderance of the evidence that the amount-in-controversy requirement has been met. Abrego Abrego, 443 F.3d at 683.

The Complaint states that for the CEPA cause of action, "[t]he Plaintiff Class is composed of all California residents, domiciles and others who were not paid and/or promoted equally as stated and required herein by the herein stated laws and statutes, within the pertinent statute of limitations." Compl. ¶ 47. Thus, it appears that Tholmer seeks to represent a class of female employees employed by Rite Aid in California. As to the size of that class, the Complaint alleges that Rite Aid "owned and operated approximately 592 stores in California. Many, if not all, stores employ in excess of 75 people." Id. ¶ 52. Although in Tholmer's declaration in support of her motion to remand, Tholmer states that "[t]o the best of [her] knowledge . . . Rite Aid employed far less than 100 female Store Managers in the state of California in any given year" (Tholmer Decl. ¶ 3, ECF No. 26), the Complaint expressly alleges that "the illegal practices of Defendants have affected *more than 500 persons.*" Id. ¶ 48 (emphasis added). Accepting the allegations in the Complaint as true, the proposed class contains at least 100 members.

The Complaint alleges that Tholmer seeks an award of punitive and exemplary damages (id. ¶ 44), damages in the amount of the wages that Thomer has been deprived as a result of the unequal pay, and an equal amount as liquidated damages (id. ¶ 45). Based on the Complaint's prayer for actual damages under CEPA (id. ¶ 45), allegations about the wages promised (id. ¶ 20 ($100,000)), and allegations about the wages paid (id. (less than half of $100,000); Chima Decl. at

4

¶ 6 ($54,305), ECF No. 5), Defendants estimate that Tholmer's claim for wages amounts to $45,695 per year. See Notice of Removal ¶¶ 37-38. The Complaint also requests liquidated damages in an equal amount under CEPA; the amount of recovery per year therefore becomes $91,390. Compl. ¶ 45. CEPA permits recovery for a period of three years for a willful violation, and the Complaint alleges willfulness. Cal. Labor Code § 1197.5(g); Compl. ¶ 43. Thus, Tholmer's claim under CEPA over three years amounts to $274,170.

The Complaint alleges that "the claims of the named Plaintiffs are typical of those of the Class." Compl. ¶ 49. Five hundred class members claiming an amount approaching $247,170 far exceeds the $5,000,000 jurisdictional requirement. Indeed, only 21 class members with claims identical to Tholmer's claims would be necessary to reach the jurisdictional requirement. Thus, the court finds that Defendants have met their burden to show that the amount in controversy is at least $5,000,000 by a preponderance of the evidence.

## IV. CONCLUSION

For the foregoing reasons, Tholmer's motion to remand is DENIED.

Dated: March 16, 2012

_____
EDWARD J. DAVILA
United States District Judge
